Good morning. My name is Mark Louvier. I'm from Evans, Craven, and Lackey in Spokane, Washington. I represent the appellant Freedom Death Center. First of all, let me say that it's a privilege to be here. It's truly an honor. I would like to reserve a little bit of time for rebuttal if that's acceptable as well. This is a putative class action consumer credit lawsuit. No class has been certified in the underlying litigation. As the court is aware, the plaintiff's claims relate to consumer debt-adjusting services. As it relates to this lawsuit, Freedom is a front-end company, which means it essentially signs up individuals who are in need of debt-adjusting services. Now, the Wheelers, of course, contend that Freedom's actions in conducting this activity were unlawful in a number of respects. Freedom moved to compel arbitration in the underlying lawsuit. The Wheelers countered that the terms of the arbitration provision or the arbitration clause in the contract were unconscionable. And what's somewhat interesting here is that Freedom conceded that many of those items were unconscionable. Can I ask you a question on that? Sure. If you go back to these other cases in Washington, and I appreciate the candor of Freedom and Noteworld to concede that these were unconscionable, but these have been in Washington cases for quite a while that you can't do, that these kind of provisions are unconscionable. Why was this form of arbitration agreement still in use? Is that in the record? That's a good question, and I don't know that it is in the record. I think the direct answer is that Freedom is a California company. I'm not familiar with whether those provisions are unlawful in the state of California, but I suspect that might have something to do with it. It's an odd thing because, obviously, it operates, if not nationwide, at least regionally, and so it's already been told, you know, hit me once, hit me twice. They keep saying these things are unconscionable, and now we're back, and okay, now we have three out of the, you know, four sentences are unconscionable. So it seems to me that the real issue here is, given your honest and candid concession, was it somehow an abuse of discretion for the district court to decline to sever? And that's the question that interests me. So I'd appreciate if you could address that. Sure. And I suspect, first of all, I want to address one of the points that you made, that was that you said three out of the four sentences are unconscionable, and it's our contention that that's not necessarily true. There is a portion of the first sentence of the agreement. Correct. The sentence has two parts. Sure. You shall go to arbitration. That part's not unconscionable. Sure. And the Federal Arbitration Act applies. And the reason why I make that distinction is because in going through the case law, we find a lot of areas in which we're counting the unconscionable provisions, and there's certainly no bright-line rule in case law. But what Washington case law says is that if you can sever out the unconscionable terms and you have a clear agreement to arbitrate left, that's when severability is available and should be exercised by the trial court. And under what provisions would we conduct that arbitration? The Federal Arbitration Act. I understand that, but the district court was concerned that it would have to rewrite the arbitration clause because your clause provides for venue in Orange County. It says that a loser bears all costs and so on. Where would the court look in order to fill in the missing gaps? For example, where are we going to hold this arbitration if it's not in Orange County? I suspect in the state of Washington because if that's where the parties are venued, I think. So the court would have to, if it abused its discretion in validating the arbitration clause completely, it would have to write in a provision or imply a provision that the arbitration venue would have to be somewhere in Washington. No, I believe that basic standards of venue and jurisdiction would apply. And so wherever the parties entered into the agreement, that would be where the litigation would arise. You can agree to arbitrate in a venue in which there would otherwise be no personal jurisdiction. Sure, but in the absence of such an agreement, I think just general standards of jurisdiction and venue would apply. And so I think it would go to where personal jurisdiction arises and where subject matter jurisdiction over the transaction arises. So the arbitration under that answer would have to be conducted where, in Spokane County? Yes. Where the plaintiffs reside? Yes. What about the 30 days? Do you just say, well, we revert to the Washington Consumer Protection Act statute limitations? That is correct. So we write, so we press that out? Yeah. And then what about fees? What fee provision would govern here? At the trial court level, it was freedom's position, and I'd reiterate that here, that there would be no fee provision. It would simply be stricken from the contract. So we just write that out of the contract? Scratch it away. Where does that leave you? That leaves you with whatever, if there are fees awardable under Washington's Consumer Protection Act, those are certainly available. They just, in the state of Washington, attorney's fees are only available if there's an agreement for those attorney's fees or if there's statutory or common law basis. And so if we strike away the contract, what we're left with is either attorney's fees and costs that are awardable by statute or attorney's fees and costs that are available by common law. See, the trial judge here made a determination that he thought, along the lines of Judge Tomlin, that basically you're writing out all these provisions, which is almost like redrafting the contract. So in his discretion, he thought, you can't sever these. We have cases where they decided you could sever it, and we said, well, that wasn't an abuse of discretion. This is slightly different. Do we have a case that says, under Washington law, it's an abuse of discretion if you don't sever it? You touch upon something that I find particularly interesting because it addresses the standard of review dispute between the parties, and I understand there is case law that says severability is an abuse of discretion standard. But what we have here is that if there's a refusal to sever terms from the contract, what you are doing is, in essence, making a ruling on whether the issue can be arbitrated. And so that's why I would, again ---- But if you wrote the agreement right in the first place, basically we have like a half a sentence arbitrated under the FAA, and it can be enforced in court, which I think is the second or third sentence. Those seem to be surviving. But we're not making a decision on whether or not it's subject matter arbitration, that sort of thing. We're just saying, is it appropriate to sever or not? That's really the ultimate question, and that's not a question that I can find any authority to review de novo unless you have some other way you think I should look at it. Admittedly, the authority on the issue is spotty. I think some of the Washington cases, such as Zuver and Adler, seem to imply that de novo was the standard of review. Yeah, I think that's right. And so that is the authority that I would look to. And given that these are state law defenses, I think that's the authority I would look at. What do we do with the cost of arbitration? Washington law doesn't help us on that term, does it? No. I think absent statutory or common law guidance, again, each party is to bear their own costs.  I think it's common law in the state of Washington that if there isn't another procedure or mechanism, a statute, then... And what was the AAA cost for the arbitration? I'm sorry? What is the AAA cost for the arbitration? I don't know that offhand. So we would write another provision now that says that the consumer is going to have to pay, what, half of whatever AAA is going to charge? I presume that is the case under AAA. Okay. And again, I think it's important to emphasize that we're not writing new terms into this agreement. That's where I'm having a hard time following your argument because the district court thought that that's exactly what it was being asked to do. And it looked to the cases that say pretty clearly that if we determine that a general contract defense of unconscionability applies to a contract and it invalidates this particular provision, if the district court has to rewrite the terms of the contract, that is beyond the authority of the court to do, and therefore the court decided not to enforce the arbitration clause, which means you just have a trial. Well, and I think... Oh, is that an abuse of discretion? I think it's an abuse of discretion because if you look at the contract, what would we be left with if we were to sever the terms from the agreement? We would be left with the parties are to arbitrate their dispute. Once that dispute is complete, we can enter a judgment on whatever the arbitration award is. I don't think it's any different than, you know, for example, an oral contract. Again, you know, a lot of the procedures and mechanisms that come down the road when you're enforcing such an agreement, they're provided for by state. But is your argument that we should carve out an exception to a recognized contract defense, which is that the statute or that the finding of substantive unconscionability renders a contract invalid or nugatory, but that because there's a request for arbitration, that should be an exception to application of the unconscionability rule? So that here, even though three-quarters of the provisions in the arbitration clause are substantively unconscionable, the court must nonetheless order the parties to arbitration? No. In fact, I would argue that we shouldn't be treating arbitration agreements differently. You know, there is firmly established. But in essence, you're invalidating the contract, are you not, or at least the contractual agreement to arbitrate? No, quite the opposite. We're severing provisions from the contract so that it makes sense. The arbitration provision. Exactly. And we're saying, if you want a remedy, go to court, which is where you go for a breach of contract if the arbitration clause is unconscionable. And federal courts on this issue are clear that we should try and preserve the intent. If that is the central facet of the parties' agreement, the agreement's up to us. But you're asking us to reach the decision that the Supreme Court did not reach in concepcion. No. The Supreme Court did not say that there is an exception for unconscionability. It reiterated the rule, which I think is contained in Section 2 of the Federal Arbitration Act, that all other contractual defenses nonetheless apply, even to arbitration agreements. As does severability. Well, now we're back to the question that Judge McKeown was asking. Because your argument seems to me that it has to be an abuse of discretion, even though the district court finds substantive unconscionability, to otherwise enforce the arbitration. Do you agree that basic provisions of the arbitration, basic tenets of the arbitration provision in this contract are unconscionable? Absolutely. That you seem to be arguing, which is who pays, where it's to be done, and what's the other one? Who pays, where it's to be held, and then the 30-day limitations period. And yet you say the essence of the agreement is not that it has to be done that, that it has to be arbitrated in this manner. It's just that it has to be arbitrated. Exactly. How do we know that? Because if we delete the offending language, we're left with language that says, all disputes or claims between the parties related to this agreement shall be submitted to binding arbitration in accordance with the AAA rules and judgments to be entered on that. And I think if you take that language, if you were to sever the offending provisions, and if you were to put that language into a contract, and again, this is a hypothetical, I think that provision would be enforceable. And I don't think we would be dealing with issues of unconscionability. Certainly, unfortunately, we're here dealing with an issue of severability as well. But I think, nonetheless, that provision in and of itself would be enforceable. But this is very troublesome, because if that's so, then people, you can take your, someone drafting a provision like an arbitration provision can make it really almost impossible, as this one is, and take their chances. And if there's no challenge to the provisions, they can insist on, they just insist on enforcing them. And that just doesn't seem right. And I think, you know, it is a difficult situation, certainly, and when you have contracts that have unconscionable terms, you know, I recognize that it does create somewhat of a. It would make more sense if all the details, if there are so many devils in the details of an agreement, that there just shouldn't be an arbitration, and not let the drafter of the agreement fall back on, oh, well, all that's really important is, you know, those clauses. No, sure. All you have to do is arbitrate. Yes, exactly. That's your position. Is that fair? What's that? Is that fair? Well, I don't think we get to an issue of fairness, frankly. I think that's one of the central tenets of Concepcion as well, is that we don't favor one side or another. We look at the contract. I'm saying is it fair for you to be able to insist for everybody else that you have to do all these things, that's what you agreed to, and now for you to say, well, they're unconscionable, but the real thing that you agreed to is just arbitrary. No, I certainly understand. That's not Concepcion. I certainly understand the Court's concern in that regard. I think I would go back to, you know, I can't comment on the fairness, but I would say that if we can sever and if we can create an agreement that deletes those unconscionable terms, I think that's what we're bound to do. Thank you. Thank you. I'm going to give you a minute for rebuttal because we took up a lot of your time. Good morning, Your Honor. May it please the Court. Matt Zuchetto on behalf of Doyle and Kerry Wheeler. The trial court here properly exercises its discretion and declined to come to the aid of an arbitration agreement that was permeated with unconscionable provisions. We ask that this Court affirm the ruling of the trial court. I'll turn immediately to the standard of review because the standard of review here is outcome determinative if the Court concludes that it is abuse of discretion as it is because the defendants don't offer an argument here, a valid argument that the trial court abused its discretion. The reason that it's abuse of discretion review on the decision of whether to sever unconscionable provisions is that the case law as well as the statutory provision in Washington law from the UCC explicitly gives the trial court discretion on the severance issue. It allows the trial court to sever the provisions, not sever them, and decline to enforce the contract or limit those provisions. And that's a generally applicable state law rule. And that's why this Court in the Bridge Fund case concluded that the standard of review is abuse of discretion. So this Court has made that decision. And the policy behind that is sound. When a court is making a decision on severance in any contract, it's going to depend on the facts and circumstances of each individual case. There's not going to be a one-size-fits-all answer here. So the Court has to look at the facts, the parties before it, and make a determination using the discretion that it's been vested. Mr. Zucchetto, help me get around the Supreme Court's decision in Concepcion. As I understand that case, there was a provision in the arbitration clause for class action or prohibiting class arbitrations, if you will, and that was in reliance on the California Supreme Court's Discover Bank rule. And there was a finding that that provision was unconscionable. And so we upheld the district court's determination not to compel arbitration, but the Supreme Court reversed us and said, no, you have to sever, essentially, and order arbitration. And I guess in that case, the net result is we just don't give effect to the arbitration clause provision prohibiting arbitral class actions. Yes, Your Honor. In Concepcion, the Court reaffirmed the basic principle that arbitration provisions are to be treated the same as all other contracts, to be put on equal footing, not regal footing. And here you have a generally applicable state law contractual defense on conscionability and the severance doctrine that applies to all contracts the same. It doesn't derive its meaning from the fact that arbitration is involved at all. And unlike Concepcion, in that case, the Court was concerned with requiring class arbitrations set up procedures that were fundamentally at odds with bilateral arbitration, different than what you have here. None of that's an issue here. What you have is a generally applicable state law, applies to all contracts, and doesn't require any procedures at odds with arbitration, rather just says this agreement, this contractual provision, like all others, if it's unconscionable, we're going to vest the trial court with discretion on that. Isn't the net result from Concepcion that the arbitration there went forward without giving an effect to the bar on class arbitration? That's true, Your Honor. So your opponent here is saying that that's where the district court erred. The district court should simply have ordered the parties to AAA arbitration pursuant to the terms and the rules and procedures of the American Arbitration Association. And when a determination by the arbitrator was reached, that can then be converted to a judgment in an appropriate state or federal court. Why shouldn't that have been the outcome? As Your Honor pointed out, what the Supreme Court reaffirmed in Concepcion was that these generally applicable unconscionability doctrines still apply. It didn't resolve that. Currently under California law, a generally applicable rule of unconscionability was a bar on provisions that deny class certification, whether in arbitration or litigation. This is different because in Concepcion they basically said, you know, the state court is wrong. So the arbitration agreement as written is right and it goes forward. Here we're saying that the arbitration agreement as written, at least three provisions of it, are out the door and everybody agrees. So isn't this – this is really not the Concepcion case, correct? That's right, Your Honor. In that case, there was an arbitration provision that was eminently consumer-friendly, essentially guaranteed that you'd get your attorney fees if you beat AT&T's offer and guaranteed a set amount of damages as well. And so what they were wrestling with in that case was this state court rule that required cases to go to arbitration that the Supreme Court felt concluded was incompatible with arbitration itself, not at issue here. But that doesn't – that only gets you so far, okay? So now we're kind of in a situation where if you really had something that is unconscionable, which we have these three provisions here, out the window they go. What I'm trying to get around or trying to understand now are these Washington cases on severability because in all these Washington cases, Walters out of Division I here in Seattle, Zuver in Bank, Supreme Court, basically they take unconscionability provisions that are very similar to the ones here, they throw them out, and they don't sever. So how do we reconcile those cases with your position? Those cases support the trial court's ruling here. In each of those cases the court affirmed the trial court's decision on severance. Not to sever. Correct. Well, affirmed – in those cases the trial court severed the provisions. Excuse me. In those cases they severed the provisions and then what was left was a bare bones, let's go to arbitration, and that was – that went forward. So it seemed to me in some ways those cases don't support you and we don't have any case where it says it's not an abuse of discretion not to do what the judges did in those cases, what the trial judges did. Well, in Zuver and Adler, Your Honor, those cases were much more substantial agreements and there were several – two unconscionable provisions in each of those, not as unconscionable as the terms we have here. And the court said in those cases it could excise those and still have a workable dispute resolution process. And what's really important in those cases, the court didn't find that the agreements were permeated with unconscionable provisions, which is what you have here. And what you have here is not an effort to set up a good faith resolution process here. What you have here is an attempt to create a sanctuary from claims. Any consumer reading this contract, seeing that his statute of limitations is 30 days, a heavily indebted consumer has to go to Orange County and risk paying the defendant's attorney's fees, no consumer is going to attempt to resolve a claim. And so what they're really attempting to resolve here or happen here is no claims. And that is at odds with the FAA itself. The purpose behind the FAA is to actually foster resolution of claims. It's not to allow one side to tilt the scales in its favor and create – insulate itself from liability. And when that's what's happening, as this court said in Ingle, when that's what's happening, it's actually doing damage, inherently doing damage to the policy behind the FAA. When one party seeks to use arbitration as a weapon to its advantage, not really to resolve disputes, but as a weapon, that does damage to the policy behind the FAA itself. But if we defang the snake and we take away the unconscionable provisions, why aren't we left with a generic arbitration provision that says, go call the AAA and convene an arbitration? That will resolve your dispute. Practically. Efficiently. The court's role – I'm sorry. That's all right. I'm just musing. The court's role here is important. Whether the court comes to the aid of those who draft these unconscionable provisions or not is an important issue. If the court is to rewrite the terms of the contract and come to the aid of this sort of thing, the drafters of these types of contracts have nothing to lose. So is your provision that the unconscionability permeates the rest of the contract? It permeates the arbitration provision. Just the arbitration provision? Yes, Your Honor. You don't have a quarrel with the fees that no oral charge your client? I thought that was one of the reasons why they sued. We do, Your Honor, but that is part of the substantive debate and not wrapped up or involved in the arbitration issue at all. Okay. So I take it if we were to uphold the district court's non-severability, then it would just go forward on the merits? Yes, Your Honor. The other part that's important about the court's role here in rewriting the contract, as the defendants ask the court to do, is it does leave open where is the arbitration going to take place under what terms, and those are all issues that essentially they're asking the court to erase what happened and come to their aid. And the other thing, how the arbitration would actually work is a significant issue as well. If it did go to AAA arbitration, those rules require my client to pay over $3,000, and their claim is for just over $4,000, $4,700. That by itself renders... Is that the total fee or their share of it? That is their share of it to seek the relief that they're seeking. So AAA is going to charge them $6,000 to adjudicate a $4,000 claim? Well, as I understand it, my client would be required to pay over $3,000 initially just to get the claim filed, and then another $1,000 at the end of the day to seek the relief that it's after, which renders this arbitration provision unworkable. In short, Your Honor, abusive discretion is the appropriate standard on the severance issue. There's no... Is it more unworkable than the Concepcion agreement after the Discover Bank rule was held unenforceable by the Supreme Court? It is, Your Honor. In part, if the Court, I'm sure, is familiar with the terms of the arbitration agreement in Concepcion, very consumer-friendly. Guaranteed attorney's fees if you were successful, and guaranteed attorney's fees if you merely beat AT&T's last offer. Okay, so they could have gotten someplace there. They didn't have to proceed on a class action. Correct, Your Honor. Therefore, it didn't undermine it completely, I see. So we'd asked this Court to affirm the trial court. It acted well within its discretion in refusing to sever the unconscionable terms that permeated this arbitration agreement. Thank you. You had a minute back on the clock, so we had some rebuttal time. Thank you. I appreciate the accommodation. The only thing that I would add that I think we haven't discussed both ways and we haven't spoken about today is use of the terms insidious pattern and permeation of the agreement. Now, counsel also used the phrase using arbitration as a weapon, and I would respectfully suggest to you that this is an invitation to violate Concepcion because now we're treating arbitration agreements separately. If we go back and we look at the case law of Washington, those cases that counsel is citing to all predate Concepcion, and I think that's a very important fact for the Court to know. But Concepcion did not say that arbitration is sacrosanct. There's language in the Supreme Court's opinion that recognizes the statutory exception for otherwise applicable contract offenses, right? That is correct. So they're not saying that under no circumstances could a court not commit error in refusing to arbitrate. That is correct. What I'm simply saying is that if you have a rule that applies specifically to arbitrations, which is the language of these cases, then you can't do it under Concepcion. Well, I'm not so sure. I guess the question is how. Washington's severance law isn't pegged to arbitration, however. It's the normal contract severance law, correct? It is. However, if you go into these insidious pattern and permeation of agreement issues, that is language drawn specifically from arbitration agreements. Fair enough. And so that's the distinction I'm trying to make. And with that, unless the Court has any additional questions, I'm finished. Thank you very much. Thank you very much. Thank you both for your argument this morning. The case of Wheeler v. Noteworld is submitted.
judges: Schroeder, McKeown, Tallman